# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of | No. 51236-0-II |
| JOB MITCHELL EDWARDS, | UNPUBLISHED OPINION |
| Petitioner. | |

WORSWICK, J. — A jury found Job Edwards[1] guilty of unlawful imprisonment and felony harassment of Colton Geeson, as well as possession of a controlled substance with intent to deliver and illegal use of a building for drug purposes. After a direct appeal, we reversed Job's conviction for unlawful imprisonment because the trial court failed to provide the jury with the self-defense instruction 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 17.02 (4th ed. 2016) (WPIC) as to that charge. In his personal restraint petition (PRP) Job asserts that his trial counsel provided ineffective assistance of counsel for failing to request a self-defense instruction as to his felony harassment charge. The State argues that Edward's petition is time barred and is barred as successive.

We hold that Job's petition is not time barred and is not barred as successive, and we grant the petition because Job received ineffective assistance of counsel when counsel failed to propose an instruction on self-defense to felony harassment based on WPIC 17.02.

---

[1] Because Job Edwards and his brother Michael Edwards share the same last name, we refer to them by their first names for clarity. We intend no disrespect.

FACTS

A.      *Background and Trial*

The underlying events are described in the opinion on direct appeal and need not be repeated in full here.  Job and his brother Michael Edwards were victims of an attempted armed robbery by Donald Thomas and Colton Geeson.  Thomas and Geeson went to Job and Michael's house under the guise of buying drugs, but instead, attempted to rob Michael.  During the course of that armed robbery, Thomas hit Michael's girlfriend with a gun, held the gun to Michael's head, and fought with Michael when Michael resisted.  Thomas started going down the stairs.  Job, who was in the basement of the house during the attempted robbery, started walking up the stairs.  Job encountered Thomas on the stairs, and when Thomas raised his gun, Job shot and killed Thomas.  In the ensuing chaos, Michael retrieved his gun and trained it on Geeson.  Geeson told Michael that he did not know Thomas intended to rob them.  Michael kept the gun trained on Geeson, saying "I got to kill you now.  I'm sorry.  I got to."  4 Verbatim Report of Proceedings (VRP) (Nov. 19, 2013) at 99.

The State charged Job with unlawful possession of a controlled substance with intent to deliver, unlawful use of a building for drug purposes, first degree kidnapping, and felony harassment.  The charge of felony harassment against Job rested only on accomplice liability for Michael's comment to Geeson.

At trial, Job's counsel proposed jury instructions for self-defense to kidnapping and unlawful imprisonment based on WPIC 17.02[2] and WPIC 17.03.[3] The State did not object. The trial court found that Job was entitled to a self-defense instruction for kidnapping and unlawful imprisonment, and that it would instruct the jury based on WPIC 17.03, but not WPIC 17.02.

Job's counsel also proposed a jury instruction for self-defense to felony harassment based on WPIC 17.03. Job argued that under the facts presented, the jury could find that Michael's "threatening to kill someone and to stay put after [the attempted robbery] was lawful" because he was acting in self-defense, and as an accomplice, Job was therefore entitled to a self-defense instruction. 7 VRP (Nov. 25, 2013) at 491-92. The State objected to instructing the jury on self-defense to felony harassment. The court ruled that Job was not entitled to the WPIC 17.03 instruction on self-defense to felony harassment.

The jury found Job guilty of possession of a controlled substance with intent to deliver, unlawful use of a building for drug purposes, unlawful imprisonment, and felony harassment. The jury also found three firearm enhancements for possession of a controlled substance with the intent to deliver, unlawful imprisonment, and felony harassment. Job appealed.

B.      *Direct Appeal*

On direct appeal, we affirmed Job's convictions of possession of a controlled substance with the intent to deliver, unlawful use of a building for drug purposes, and felony harassment.

---

[2] WPIC 17.02 is titled "Lawful Force—Defense of Self, Others, Property."

[3] WPIC 17.03 is titled "Lawful Force—Detention of Person." 11 WPIC 17.03 at 276 (4th ed. 2016).

No. 51236-0-II

We reversed Job's conviction of unlawful imprisonment, holding that the trial court erred by declining to instruct the jury on self-defense under WPIC 17.02.

Discussing Job's entitlement to an instruction on self-defense to felony harassment based on WPIC 17.02 for unlawful imprisonment, we stated:

> [Thomas]'s pulling a gun and attempting to burglarize and possibly kill Michael and Freitas supplied the main theory of self-defense which could justify Job's use of force to keep Geeson in the house (a WPIC 17.02 theory)—not that Geeson had just unlawfully trespassed into the home and Job was detaining him to investigate his presence there (a WPIC 17.03 theory). Job's self-defense theory could have been that he reasonably feared for Michael's, Freitas's, and his own life and that he continued to fear while he had his gun pointed at Geeson throughout the incident. Arguably, after Geeson stripped and showed that he was unarmed, the threat of harm was alleviated and a WPIC 17.02 theory became more remote. However, there was still substantial evidence for a juror to believe that the dangers associated with the immediate aftermath of this armed robbery warranted Job in using the amount of force that he did against Geeson: not to merely detain an intruder, but to use necessary force to protect himself, Michael or Freitas.

*Edwards*, No. 45764-4-II, slip op. at 7-8. We also noted:

> It could be argued that our self-defense analysis that caused Job's unlawful imprisonment to be reversed also could apply to Job's felony harassment charge as well. However, Job failed to propose a WPIC 17.02 instruction for felony harassment below and failed to raise this issue directly in his appellate briefing. Accordingly, we do not reach that issue.

*Edwards*, No. 45764-4-II, slip op. at 11 n. 6.

We filed our opinion on Job's direct appeal on March 1, 2016. The opinion became the decision terminating review on November 2, 2016. The clerk of this court issued its mandate on December 2, 2016. The mandate states:

> This is to certify that the opinion of the Court of Appeals of the State of Washington, Division II, filed on March 1, 2016 became the decision terminating review of this court of the above entitled case on November 2, 2016.

Br. of Resp't (App. B). Job filed this PRP on December 4, 2017.

4

ANALYSIS

In his petition, Job seeks relief from his felony harassment conviction by arguing that he received ineffective assistance of counsel when his defense counsel failed to propose a self-defense jury instruction related to his felony harassment charge.[4]  The State argues that Job's petition is time barred and is barred as successive.

We hold that Job's petition is not time barred and is not barred as successive.  We grant Job's petition because Job received ineffective assistance of counsel when counsel failed to propose WPIC 17.02 as to felony harassment.

I.  TIME BARRED

As an initial matter, the State argues that Job's petition is time barred.  We disagree.

The filing of a PRP is a collateral attack of a judgment.  RCW 10.73.090(2).  Collateral attacks of a judgment may not be filed more than one year after the judgment becomes final.  RCW 10.73.090(1).  We do not consider PRPs that are filed after the limitation period has passed, unless the petitioner demonstrates that the petition is based on one of the exemptions enumerated in RCW 10.73.100.  RCW 10.73.090(1); RCW 10.73.100; *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 140, 196 P.3d 672 (2008).  The limitation period begins on "[t]he date that an appellate court *issues its mandate* disposing of a timely direct appeal from the conviction" if that is the last triggering event.  RCW 10.73.090(3)(b) (emphasis added).  When

---

[4] Job argues that trial counsel "provided ineffective assistance of counsel in failing to propose any sort of jury instruction, whether it was WPIC 17.02 or WPIC 17.03, positing the defense of se[l]f-defense or lawful use of force."  Pet. at 10.  Job's petition erroneously asserts that trial counsel did not propose any self-defense instruction regarding felony harassment.  As the State notes, Job's assertion is belied by the record.  Counsel proposed an instruction for self-defense to felony harassment based on WPIC 17.03.

computing the period of time, the last day of the period is included, unless the last day of the period "is a Saturday, Sunday, or legal holiday, in which case the period extends to the end of the next day which is not a Saturday, Sunday, or legal holiday." RAP 18.6(a).

Here, this court issued its mandate on December 2, 2016. Job's petition was, therefore, due by December, 2, 2017. RCW 10.73.090. December 2, 2017, however, fell on a Saturday. Therefore, Job's petition was not due until Monday, December 4, which was the day he filed it.

The State argues that because the mandate references November 2, 2016 as the date for the decision terminating review, Job was required to file his petition by November 2, 2017. The State is incorrect. RCW 10.73.090(3)(b) clearly states that the limitation period begins to run on "[t]he date that an appellate court issues its mandate." Job's limitation period began on December 2, 2016, the date this court issued its mandate, and not on the other date referenced in the mandate. RCW 10.73.090(3)(b).

Because Job filed his petition within the one year limitation period from the date of this court's previous mandate and in accordance with court rules, Job's petition is timely.

## II. SUCCESSIVE CLAIM

The State also argues that Job's petition should be barred as a successive petition because he raised the "legal ground of instructional error" in his direct appeal. Br. of Resp't at 8. We disagree.

The successive petition rule, RCW 10.73.140, applies to petitions that raise the same issues that were raised in a prior petition—not issues raised in a direct appeal. Because this is Job's first PRP, the successive petition rule does not apply.

6

To the extent the State argues that Job is raising an issue raised and rejected in his direct appeal, this argument also fails because Job did not raise this issue in his direct appeal.

A collateral attack may not renew an issue raised and rejected on direct appeal unless the interests of justice require relitigation of that issue. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671, 101 P.3d 1 (2004).

On direct appeal, we addressed only whether the trial court erred in failing to instruct the jury on self-defense to unlawful imprisonment based on WPIC 17.02. Here, Job seeks review of whether he received ineffective assistance of counsel when his counsel failed to request an instruction on self-defense to felony harassment based on WPIC 17.02. Although a personal restraint petitioner may not renew an issue that was raised and rejected on direct appeal in a PRP, Job's claim was not raised and rejected on direct appeal. Because our opinion on Job's direct appeal did not address or reject Job's ineffective assistance of counsel claim, Job's PRP is not barred.

### III. PRP PRINCIPLES

A PRP is not a substitute for a direct appeal and the availability of collateral relief is limited. *In re Pers. Restraint of Grasso*, 151 Wn.2d 1, 10, 84 P.3d 859 (2004). To be entitled to relief, the petitioner must show either a constitutional error that resulted in actual and substantial prejudice, or a nonconstitutional error that constituted a fundamental defect that inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.3d 884 (2010). A personal restraint petitioner must identify facts and admissible evidence that would entitle him or her to relief. RAP 16.7(a)(2).

No. 51236-0-II

Ineffective assistance of counsel is a constitutional error, arising from the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). A petitioner claiming ineffective assistance of counsel necessarily establishes actual and substantial prejudice if the standard of prejudice applicable on direct appeal is met. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Job contends that "as virtually conceded by [this court] in footnote 6," he was entitled to an instruction on self-defense to felony harassment based on WPIC 17.02. Pet. at 9. Therefore, he argues that his trial counsel was ineffective by failing to propose an instruction on self-defense to felony harassment based on WPIC 17.02. Although we disagree with Job's characterization of footnote 6, we agree that Job's counsel was ineffective for failing to propose WPIC 17.02.

A.      *Legal Principles*

This court reviews ineffective assistance claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). Ineffective assistance of counsel is a two-prong inquiry. *Grier*, 171 Wn.2d at 32. To show that he received ineffective assistance of counsel, a petitioner must show (1) that defense counsel's conduct was deficient and (2) that the deficient performance resulted in prejudice. *Grier*, 171 Wn.2d at 32-33.

8

To establish deficient performance, the defendant must show that trial counsel's performance fell below an objective standard of reasonableness. *Grier*, 171 Wn.2d at 33. Legitimate trial strategy and tactics cannot form the basis of a finding of deficient performance. *Grier*, 171 Wn.2d at 33. Prejudice can be shown only if there is a reasonable probability that, absent counsel's unprofessional errors, the result of the proceeding would have been different. *Grier*, 171 Wn.2d at 34.

There is a strong presumption that defense counsel's conduct was not deficient. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Because of this presumption, "the defendant must show in the record the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel." *McFarland*, 127 Wn.2d at 336.

B.      *Self-defense Instruction*

Where the claim of ineffective assistance is based upon counsel's failure to request a particular jury instruction, the defendant must show he was entitled to the instruction, counsel's performance was deficient in failing to request it, and the failure to request the instruction caused prejudice. *State v. Thompson*, 169 Wn. App. 436, 495, 290 P.3d 996 (2012). To show prejudice, a defendant must show a reasonable possibility that, but for counsel's purportedly deficient conduct, the outcome of the proceeding would have differed. *Grier*, 171 Wn.2d at 34.

1. *Entitlement to Instruction*

A defendant is entitled to a jury instruction on self-defense where there is some evidence demonstrating self-defense. *State v. Walden*, 131 Wn.2d 469, 473-74, 932 P.2d 1237 (1997). Once the defendant is entitled to a self-defense instruction, the burden shifts to the prosecution to prove the absence of self-defense beyond a reasonable doubt. *Walden*, 131 Wn.2d at 473-74.

9

In determining whether some evidence supported instructing the jury on self-defense, we review the entire record in a light most favorable to the defendant. *State v. Callahan*, 87 Wn. App. 925, 933, 943 P.2d 676 (1997). "Evidence of self-defense is evaluated 'from the standpoint of the reasonably prudent person, knowing all the defendant knows and seeing all the defendant sees.'" *Walden*, 131 Wn.2d at 474 (quoting *State v. Janes*, 121 Wn.2d 220, 238, 850 P.2d 495 (1993)). The "general rule in Washington is that reasonable force in self-defense is justified if there is an appearance of imminent danger, not actual danger itself." *State v. Bradley*, 141 Wn.2d 731, 737, 10 P.3d 358 (2000). "'[T]he degree of force used in self-defense is limited to what a reasonably prudent person would find necessary under the conditions as they appeared to the defendant.'" *State v. McCreven*, 170 Wn. App. 444, 462-63, 284 P.3d 793 (2012) (alteration in original) (quoting *Walden*, 131 Wn.2d at 474).

At trial, the State argued that Job was guilty of felony harassment as an accomplice to Michael's threat to Geeson. The criminal liability of an accomplice is the same as that of the principal. *State v. Carter*, 154 Wn.2d 71, 78, 109 P.3d 823 (2005); *see* RCW 9A.08.020(1), (2)(c). Accordingly, if there was some evidence that Michael acted in self-defense, then Job would be entitled to an instruction on self-defense.

Viewed in the light most favorable to Job, the record contains evidence that Michael acted in self-defense. The evidence showed that Thomas struck Michael's girlfriend with a gun, placed the gun to Michael's head, and fought with Michael. Immediately after, Thomas started walking down the stairs. When Thomas moved down the stairs, Michael retrieved his gun and threatened Geeson. The evidence that Thomas struck Michael's girlfriend, pointed his gun against Michael's head, and fought with Michael support an inference that Michael reasonably

believed that he, his girlfriend, and his property were in danger of imminent harm. A jury could reasonably find that Michael threatened Geeson in self-defense. Because the record contains evidence that Michael acted in self-defense, Job was entitled to an instruction on self-defense to felony harassment based on WPIC 17.02.

### 2. *Deficient Performance*

If a petitioner is entitled to an instruction, we next review whether counsel was deficient in failing to request the instruction. *Thompson*, 169 Wn. App. at 495. We strongly presume that defense counsel's conduct was not deficient. *Grier*, 171 Wn.2d at 33. Because of this presumption, a "defendant must show in the record the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel." *McFarland*, 127 Wn.2d at 336. A criminal defendant will not prevail on an ineffective assistance claim where no "evidence on counsel's strategic or tactical decisions was presented in the courts below." *State v. Linville*, 191 Wn.2d 513, 525, 423 P.3d 842 (2018).

Here, the record shows that there was not a legitimate trial strategy for not requesting an instruction on self-defense to felony harassment based on WPIC 17.02. Counsel proposed instructions on self-defense to kidnapping and unlawful imprisonment based on both WPIC 17.02 and WPIC 17.03, but proposed an instruction on self-defense to felony harassment based on only WPIC 17.03. This record shows that there is no legitimate tactical reason for this oversight. Accordingly, counsel's performance was deficient when he failed to request an instruction on self-defense to felony harassment under WPIC 17.02.

3. *Prejudice*

To succeed on his ineffective assistance of counsel claim, Job must also prove that his counsel's failure to request the self-defense instruction prejudiced him. Prejudice is shown where there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *Grier*, 171 Wn.2d at 34. "To make a determination of prejudice, we consider the totality of the evidence before the jury." *State v. Classen*, 4 Wn. App.2d 520, 542, 422 P.3d 489 (2018).

Here, trial counsel's failure to request a self-defense instruction prejudiced Job. Without an instruction on self-defense to felony harassment, the State was relieved of its burden to prove that Michael did not act in self-defense, and the jury was not instructed on how to determine whether Michael acted with lawful authority. *See Walden*, 131 Wn.2d at 473-74 (holding that where there is some evidence of self-defense, the burden shifts to the State to prove the absence of self-defense beyond a reasonable doubt). Job was prevented from presenting a full defense, and the evidence before the jury demonstrates that the result of the proceeding would have been different but for counsel's deficient performance.

Because Job was entitled to a self-defense instruction under WPIC 17.02, counsel's failure to request such an instruction was deficient, and such failure was prejudicial, we hold that Job received ineffective assistance of counsel. Accordingly, we grant Job's petition, reverse his conviction for felony harassment, and remand to the superior court for further proceedings.

No. 51236-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

I concur:

_____
Bjorgen, J.

No. 51236-0-II

JOHANSON, J. (dissenting) — I agree with the majority that Job Mitchell Edwards's petition is neither time barred nor successive. I also agree that Edwards may have been entitled to a self-defense instruction. However, I disagree that the record is sufficient to determine that counsel lacked any tactical reason for failing to propose a self-defense instruction. Therefore I would hold that Edwards has failed to show his counsel was deficient.

There is a strong presumption that defense counsel's conduct was not deficient. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Because of this presumption, "the defendant must show in the record the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel." *McFarland*, 127 Wn.2d at 336. A criminal defendant will not prevail on an ineffective assistance claim where no "evidence on counsel's strategic or tactical decisions was presented in the courts below." *State v. Linville*, 191 Wn.2d 513, 525, 423 P.3d 842 (2018).

Here, as the majority notes, counsel proposed instructions on self-defense to kidnapping and unlawful imprisonment based on both 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 17.02, at 268 (4th ed. 2016) (WPIC) and WPIC 17.03, at 276, but proposed an instruction on self-defense to felony harassment based on only WPIC 17.03. Contrary to the conclusion of the majority decision, it is just as likely, on this limited record, that there was a legitimate tactical reason for proposing only WPIC 17.03. Lacking any evidence in the record of counsel's actual strategic or tactical decision regarding these instructions, I must presume that counsel was not deficient. Accordingly, I would deny the petition.


JOHANSON, J.

14