# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52330-2-II |
| Respondent, | |
| v. | |
| ANTHONY TYRONE CLARK, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — This is the second time Anthony T. Clark's case has come before this court.  A jury convicted Clark of first degree murder,[1] first degree robbery,[2] unlawful possession of a controlled substance with intent to deliver,[3] and second degree unlawful possession of a firearm.[4]  Clark appealed, and we affirmed his convictions with the exception of first degree robbery.[5]  Following remand, Clark's first degree robbery charge was tried to the bench.  The trial court found Clark guilty and resentenced him on all four convictions to the low end of the standard range.  Clark appeals his second sentence.

---

[1] RCW 9A.32.030(1)(a).

[2] RCW 9A.56.190; 9A.56.200(1)(a)(i).

[3] RCW 69.50.401(2)(a).

[4] RCW 9.41.040(2)(a)(iv).

[5] The case was appealed to our Supreme Court, which affirmed our holding.  *State v. Clark*, 187 Wn.2d 641, 656, 389 P.3d 462 (2017).

Clark argues that the trial court abused its discretion by not imposing an exceptional sentence downward. Alternatively, Clark argues that his trial counsel provided ineffective assistance by not arguing for an exceptional sentence downward based on his youth. Finally, Clark argues that the trial court impermissibly imposed certain legal financial obligations (LFOs), namely a supervision assessment, collection costs, and an interest accrual provision. The State argues that Clark is precluded from appealing a standard range sentence, but concedes that the trial court improperly imposed the interest accrual provision.

We hold that Clark cannot appeal his standard range sentence and that Clark failed to demonstrate that he received ineffective assistance of counsel. Regarding LFOs, we accept the State's concession regarding the interest accrual provision, but hold that the supervision assessment and collection costs were properly imposed. Accordingly, we affirm Clark's sentence and LFOs related to the supervision assessment and collection costs, but remand to the trial court to amend the interest accrual provision.

## FACTS

### I. First Trial, Sentencing, and Appeal

In 2011, Clark shot and killed a 16-year-old boy. Clark discharged a single round into the back of the boy's head, and placed the boy's body in a garbage can. Clark asked his neighbors to hide the body and to help sell the cocaine Clark had taken from the boy's body. Clark was 20 years old.

A jury found Clark guilty of first degree murder, first degree robbery, unlawful possession of a controlled substance with intent to deliver, and second degree unlawful

possession of a firearm. The jury also returned a special verdict, finding Clark committed three counts while in possession of a firearm.

At sentencing, Clark requested an exceptional sentence downward. Based on his low IQ and developmental disability, Clark argued that he had a reduced capacity to appreciate the wrongfulness of his conduct. The State responded that no evidence at trial supported the contention that Clark's mental deficiencies affected his ability to appreciate the wrongfulness of his conduct or comply with the law. The trial court sentenced Clark to 447 months, which was within the standard range and included three consecutive firearm enhancements.

Clark appealed. [6] We affirmed three of Clark's convictions, but reversed and remanded his first degree robbery conviction.

## II. THE PRESENT BENCH TRIAL, RESENTENCING, AND APPEAL

After a bench trial before a different judge, the trial court found Clark guilty of first degree robbery, with a firearm enhancement. At the resentencing hearing for all four convictions, the State argued for a sentence within the standard range, asking for the trial court to impose the same sentence from Clark's first sentencing. The State told the trial court that it did not know if Clark was asking for a sentence other than the standard range and then argued that Clark be sentenced to the low end of the standard range. The State emphasized the violent and heinous nature of Clark's crimes and noted that Clark was 20 years old at the time. The State said that Clark was not a juvenile, "so the Court doesn't have to consider the juvenile factors that would weigh into his sentence." Verbatim Report of Proceedings (VRP) (Aug. 24, 2018) at 9.

---

[6] *State v. Clark*, No. 45103-4-II, slip op. at 1 (Wash. Ct. App. June 23, 2015) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2045103-4-II%20%20Unpublished%20Opinion.pdf.

The State also alluded to Clark's competency and "sophistication" as potential mitigating factors, but asked for a standard range sentence based on the brutality of these crimes and Clark's capability to commit other crimes. VRP (Aug. 24, 2018) at 9-10.

Clark's counsel stated, "I did do some research in the mitigating factors, Your Honor. Did not find anything that was even remotely applicable here, mainly because my client was, at the time, 20 years old. As the prosecutor has said, the juvenile factors do not come into play." VRP (Aug. 24, 2018) at 11. Clark's counsel also mentioned Clark was in special education classes. Clark's counsel stated, "We would go along with the prosecutor's recommendation, Your Honor, low end of everything. We think that's appropriate here." VRP (Aug. 24, 2018) at 13.

The trial court referenced Clark's first sentence, noting that it was "a low-end sentence, and there were a lot of factors that went into that including the relative youth of Mr. Clark which is also balanced against the extreme youth of the victim. We also have factors including his cognitive abilities." VRP (Aug. 24, 2018) at 14. The trial court stated that "this is an appropriate sentence as recommended and as previously imposed by [the prior judge] which is essentially the low end on all charges plus the mandatory firearm sentencing enhancements." VRP (Aug. 24, 2018) at 15. The trial court imposed 291 months, plus an additional 156 months for the firearm enhancements, for a total of 447 months. The trial court found Clark indigent. The trial court imposed certain LFOs, namely a supervision assessment and collection costs. The trial court also imposed an interest accrual provision on his LFOs.

Clark appeals his sentence.

## ANALYSIS

### I. EXCEPTIONAL SENTENCE DOWNWARD

Clark argues that the trial court failed to exercise its discretion or meaningfully consider Clark's youth as a basis for imposing an exceptional sentence downward. Alternatively, Clark argues that his trial counsel provided ineffective assistance by failing to argue Clark's youth as a mitigating factor to support an exceptional sentence downward. The State argues that Clark is precluded from appealing a standard range sentence. We agree with the State and hold that Clark cannot appeal his standard range sentence. We also hold that Clark's trial counsel did not provide ineffective assistance.

A.    *Clark Cannot Appeal His Standard Range Sentence*

The State argues that because Clark failed to argue for an exceptional sentence downward during sentencing, Clark cannot raise this argument on appeal. We agree that Clark cannot appeal his standard range sentence.

In general, a party cannot appeal a sentence within the standard range. *State v. Brown*, 145 Wn. App. 62, 77, 184 P.3d 1284 (2008); RCW 9.94A.585(1).[7] The rationale is that a trial court that imposes a sentence within the range set by the legislature cannot abuse its discretion as to the length of the sentence as a matter of law. *Brown*, 145 Wn. App. at 78. However, a defendant may appeal a standard range sentence when a trial court has refused to exercise its discretion or relies on an impermissible basis for its refusal to impose an exceptional sentence downward. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). It is error for a trial

---

[7] RCW 9.94A.585 (1) provides, "A sentence within the standard sentence range, under RCW 9.94A.510 or 9.94A.517, for an offense shall not be appealed."

court to categorically refuse to impose an exceptional sentence downward or to mistakenly believe that it does not have such discretion. *McFarland*, 189 Wn.2d at 56.

Here, RCW 9.94A.585(1) prevents Clark from appealing his standard range sentence. Although Clark did not specifically request an exceptional sentence downward, the trial court recognized Clark's youth, heard argument regarding mitigating factors, and then exercised its discretion to impose a sentence within the standard range. The trial court did not refuse to exercise its discretion or mistakenly believe it lacked discretion to deviate from the standard range. Thus, Clark cannot appeal his standard range sentence.

B.      *Clark's Trial Counsel Was Not Ineffective for Failing To Argue for An Exceptional Sentence Downward Based on Clark's Youth*

Alternatively, Clark argues that his trial counsel provided ineffective assistance by failing to argue Clark's youth as a mitigating factor to support an exceptional sentence downward. We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). Defense counsel's obligation to provide effective assistance applies to sentencing. *State v. Rattana Keo Phuong*, 174 Wn. App. 494, 547, 299 P.3d 37 (2013). We review ineffective assistance of counsel claims de novo. *State v. Linville*, 191 Wn.2d 513, 518, 423 P.3d 842 (2018). To demonstrate that he received ineffective assistance of counsel, Clark must show both (1) that defense counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *Linville*, 191 Wn.2d at 524. Defense counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Estes*, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017). Prejudice ensues if the result of the proceeding

would have been different had defense counsel not performed deficiently. *Estes*, 188 Wn.2d at 458. Because both prongs of the ineffective assistance of counsel test must be met, the failure to demonstrate either prong will end our inquiry. *State v. Classen*, 4 Wn. App. 2d 520, 535, 422 P.3d 489 (2018).

Although no defendant is entitled to an exceptional downward sentence, every defendant is entitled to ask the sentencing court to consider such a sentence and to have it actually considered. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). The SRA (Sentencing Reform Act of 1981)[8] has always provided a defendant an opportunity to raise his youth for the purpose of requesting an exceptional sentence downward. *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 336, 422 P.3d 444 (2018). Additionally, the SRA provides the trial court with the ability to exercise its discretion in considering youth as a mitigating factor. *Pers. Restraint of Light-Roth*, 191 Wn.2d at 336. However, "age is not a per se mitigating factor" that automatically entitles young defendants to an exceptional sentence downward. *State v. O'Dell*, 183 Wn.2d 680, 695, 358 P.3d 359 (2015).

Here, even assuming that counsel's failure to raise youth as a mitigating factor was deficient performance, Clark cannot show prejudice. Nothing in the record shows that the result of the sentencing hearing would have been different. The record reveals that the trial court understood it had discretion to impose an exceptional sentence downward. The State's arguments at sentencing were clearly in opposition to an exceptional sentence downward based on Clark's youth. Further, the trial court acknowledged Clark's youth. Because Clark cannot

---

[8] Ch. 9.94A RCW.

show that he would have received a different sentence had counsel raised youth as a mitigating factor, we hold that Clark did not receive ineffective assistance from his trial counsel.

## II. CONSECUTIVE FIREARM ENHANCEMENTS

Clark argues that the sentencing court abused its discretion when it failed to recognize that firearm enhancements can be subject to exceptional downward sentences. Clark equates a firearm *enhancement* under RCW 9.94A.533 with a firearm-related *conviction* to argue that a sentencing court can impose concurrent firearm enhancements. We disagree.

RCW 9.94A.533(3)(e) provides that the firearm enhancement, if applicable, is mandatory and shall run consecutively to all other sentencing provisions, "[n]otwithstanding any other provision of law." Judicial discretion to impose exceptional sentences does not extend to firearm enhancements. *State v. Brown*, 139 Wn.2d 20, 29, 983 P.2d 608 (1999), *overruled on other grounds by State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017).

Here, the sentencing court correctly recognized that it had no authority to shorten the duration of Clark's firearm enhancement. Clark argues that *Brown* is wrong and wholly overruled by *Houston-Sconiers*. Clark is mistaken. Although *Houston-Sconiers* modified *Brown*, it did so only with respect to juvenile offenders and Eighth Amendment considerations. *Houston-Sconiers*, 188 Wn.2d at 34. The Court did not modify *Brown*'s applicability to adult defendants.

Clark also relies on *McFarland*, 189 Wn.2d at 55, to argue that trial courts may impose exceptional sentences downward for firearm enhancements. However, *McFarland* does not apply to Clark's sentence because Clark's sentence was based on consecutive firearm *enhancements* under RCW 9.94A.533(3), while *McFarland* addressed consecutive sentences

8

imposed for firearm-related *convictions* under RCW 9.94A.589(c).[9] In *McFarland*, our Supreme Court held that when multiple firearm-related convictions result in a presumptive sentence that is clearly excessive under RCW 9.94A.589(1)(c), the trial court may run the sentences for firearm-related convictions concurrently as part of an exceptional mitigated sentence under RCW 9.94A.535(1)(g). 189 Wn.2d at 55. RCW 9.94A.535(1)(g) states, "The operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly excessive in light of the purpose of this chapter, as expressed in RCW 9.94A.010."

Based on the plain language of RCW 9.94A.535, the statute applies only when a sentence under RCW 9.94A.589 is clearly excessive. Because Clark's sentence was imposed based on the firearm enhancements in RCW 9.94A.533(3), he would not be eligible for an exceptional sentence under RCW 9.94A.535(1)(g), and the reasoning in *McFarland* does not apply. Accordingly, the trial court did not abuse its discretion or misunderstand its authority regarding the firearm enhancements.

### III. LEGAL FINANCIAL OBLIGATIONS

Clark argues that the trial court improperly imposed a supervision assessment and collection costs because he is indigent. Clark also argues that the trial court impermissibly imposed interest on his LFOs. The State concedes that the interest accrual provision is impermissible. We hold that the trial court properly imposed a supervision assessment and collection costs. We also accept the State's concession regarding interest insofar as it applied to nonrestitution LFOs.

---

[9] RCW 9.94A.589(1)(c) lists these crimes as first or second degree unlawful possession of a firearm, theft of a firearm, and possession of a stolen firearm.

RCW 10.01.160(3) now provides that the trial court shall not order a defendant to pay *costs* if a defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). Similarly, RCW 9.94A.760 now provides that the trial court cannot order "costs" as described in RCW 10.01.160 if the defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). RCW 10.01.160(2) limits costs "to expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision." Recent legislation also prohibits trial courts from imposing interest accrual provisions on the nonrestitution portions of LFOs on indigent defendants. RCW 10.82.090.

A.    *Interest Accrual Provision*

Clark argues, and the State concedes, that the trial court improperly imposed an interest accrual provision on nonrestitution LFOs. RCW 10.82.090 differentiates between restitution and nonrestitution LFOs. Trial courts are now prohibited from imposing an interest accrual provision on nonrestitution LFOs when a defendant is indigent. RCW 10.82.090.

Here, the trial court imposed an interest accrual provision on all LFOs. We accept the State's concession and remand for the trial court to amend the interest accrual provision to comply with RCW 10.82.090.

B.    *Supervision Assessment*

Clark argues that the trial court improperly imposed a supervision assessment. We disagree.

Here, Clark's supervision assessment was imposed under RCW 9.94A.703(2)(d), which states, "Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [Department of

Corrections].” The supervision assessment is a discretionary LFO. *State v. Lundstrom*, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), *review denied*, 193 Wn.2d 1007 (2019).

However, the supervision assessment is not a discretionary “cost” merely because it is a discretionary LFO. Rather, the supervision assessment fails to meet the RCW 10.01.160(2) definition of a “cost” because it is not an expense specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision. Because the supervision assessment is not a cost under RCW 10.01.160, the trial court was not required to conduct an inquiry into Clark’s ability to pay under RCW 10.01.160(3). *See State v. Clark*, 191 Wn. App. 369, 374, 362 P.3d 309 (2015) (distinguishing fines from costs).

C.      *Collection Costs*

Similarly, Clark argues that the trial court improperly imposed collection costs. We disagree.

A court may use collection services to recover unpaid LFOs. RCW 36.18.190. The cost of the collection service is paid by the debtor. RCW 36.18.190. Collection costs are discretionary. RCW 36.18.190; *Clark*, 191 Wn. App. at 374.

Here, the trial court ordered that Clark “shall pay the cost of services to collect unpaid legal financial obligations per contract or statute.” CP at 98. These collection costs were imposed under RCW 36.18.190, RCW 9.94A.780, and RCW 19.16.500. Although collection costs are discretionary, they do not meet the definition of “cost’ in RCW 10.01.160(2) because these costs were not specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision. As such, the trial court was not required to conduct an inquiry into Clark’s ability to pay.

11

No. 52330-2-II

We affirm Clark's sentence and LFOs related to the supervision assessment and collection costs, but we remand for the trial court to amend the interest accrual provision.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, A.C.J.

Cruser, J.