# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52697-2-II |
| Respondent, | |
| v. | |
| ROBBIE LEE FITCH, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Robbie Lee Fitch appeals his convictions for possession of a controlled substance, methamphetamine, with intent to deliver; possession of a controlled substance, heroin; and two counts of bail jumping. He argues that defense counsel provided ineffective assistance during trial by not stipulating that Fitch was charged with a class B felony, by not moving to sever his bail jumping charges from his other two charges, and by not objecting to allegedly improper opinion testimony. In his statement of additional grounds (SAG) for review, Fitch argues his possession of methamphetamine with intent to deliver and possession of heroin convictions should be reversed because the search of his home, where evidence of these offenses was found, was unlawful because the search warrant had expired. We affirm.

## FACTS

On February 7, 2017, Longview Police Department Officer Seth Libbey obtained a search warrant to search Fitch's home. On February 17, officers executed the search warrant and found a plastic bag with methamphetamine, a smaller bag with heroin, cash, a digital scale with

methamphetamine and heroin residue, and three clonazepam pills. Officer Libbey located 14.9 grams of methamphetamine and 1.26 grams of heroin.

The State initially charged Fitch with three counts of possession of a controlled substance with intent to deliver, one count each for methamphetamine, heroin, and clonazepam. Possession of methamphetamine with intent to deliver and possession of heroin with intent to deliver are both class B felonies. RCW 69.50.401(2)(a), (b).

While released from jail and awaiting trial, Fitch failed to appear for two pretrial hearings. The trial court issued warrants for his arrest. After Fitch failed to appear, the State amended the information and charged Fitch with possession of methamphetamine with intent to deliver, possession of heroin, and two counts of bail jumping.

Fitch moved to suppress the evidence found inside his home, arguing the search warrant had expired. After a hearing on Fitch's motion to suppress, the trial court found that on February 7, 2017, Officer Libbey presented the affidavit and search warrant to the judge for signature, and the judge signed the search warrant later that same day. Based on this finding, the trial court concluded that "the execution of the search warrant on February 17, 2017 . . . was within the 10 day requirement." Clerk's Papers (CP) at 246.

Fitch proceeded to trial on all four charges in the amended information. Fitch did not move to sever the bail jumping charges from the controlled substance charges.

At trial, Officer Libbey testified that when the amount of controlled substances found is "[a]round three to four grams" and above, and when he locates a scale, packaging material and cash, then it tends to show the controlled substances are for more than personal use. 2 Verbatim Report of Proceedings (VRP) at 190.

Longview Police Department Sergeant Mark Langlois also testified and began by setting forth his specialized training in drug investigations. Sergeant Langlois participated in the search of Fitch's home. When the State asked if the amount of methamphetamine found at Fitch's home was consistent with a typical user amount, Sergeant Langlois stated, "Far in excess of." 2 VRP (Mar. 29, 2018) at 237. Fitch did not object. Sergeant Langlois further testified that a typical user amount would be under "a couple of grams." 2 VRP (Mar. 29, 2018) at 227.

To prove the bail jumping charges, the State needed to prove that Fitch was charged with a class B or class C felony at the time he failed to appear. RCW 9A.76.170(c). Fitch did not offer to stipulate that the charges against him were class B or class C felonies. The State offered, and the trial court admitted, the original information that applied to Fitch at the time he failed to appear. The original information included charges for possession of methamphetamine with intent to deliver and possession of heroin with intent to deliver, both of which are class B felonies. RCW 69.50.401(2)(a), (b). The trial court instructed the jury that "[a] separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." CP at 206.

In his defense, Fitch argued that the delay in executing the search warrant caused officers to rush the search, the amount of methamphetamine found was for personal use, and that his missed court hearings were due to uncontrollable circumstances.

The jury found Fitch guilty as charged in the amended information. Fitch appeals.

ANALYSIS

A.    INEFFECTIVE ASSISTANCE OF COUNSEL

Fitch contends he was denied effective assistance of counsel when counsel failed to offer to stipulate that Fitch was charged with a class B felony, failed to make a motion to sever the bail jumping charges from the controlled substances charges, and failed to object to Sergeant Langlois's testimony regarding the quantity of methamphetamine in Fitch's home. We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee a defendant the right to effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011), *cert. denied*, 574 U.S. 860 (2014). To prevail in an ineffective assistance of counsel claim, the defendant must show (1) counsel's performance was deficient and (2) this deficient performance resulted in prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If the defendant fails either part of this two-part test, the defendant's ineffective assistance of counsel claim fails. *Grier*, 171 Wn.2d at 32-33.

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id*. at 33. We engage in a strong presumption that counsel's performance was reasonable. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). A defendant may overcome this presumption by showing that "'there is no conceivable legitimate tactic explaining counsel's performance.'" *Grier*, 171 Wn.2d at 33 (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d. 80 (2004)). The decision of when or whether to object is a classic example of trial tactics. *State v. Kolesnik*, 146 Wn. App. 790, 801, 192 P.3d 937 (2008), *review denied*, 165 Wn.2d 1050 (2009). Prejudice

is established if the result of the case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995).

    1.      Failure To Stipulate

        a.      Bail jumping charges

Fitch argues that counsel rendered ineffective assistance by failing to stipulate that he was charged with a class B felony pertaining to the two counts of bail jumping. We disagree.

The elements of bail jumping as defined in RCW 9A.76.170 are as follows: (1) that the defendant was charged with a particular crime, (2) that he or she was released by court order or admitted to bail, (3) that he or she had knowledge that a subsequent appearance was required, and (4) that he or she failed to appear as required. The State charged Fitch with two counts of bail jumping under RCW 9A.76.170(3)(c), which requires the State to prove that he was "held for, charged with, or convicted of a class B or class C felony." RCW 9A.76.170(3)(c).

Here, because the State was required to prove that Fitch was charged with a class B felony when he failed to appear in court, it could be considered trial tactic to require the State to prove all elements of that crime rather than stipulate. *See State v. Streepy*, 199 Wn. App. 487, 501-02, 400 P.3d 339, *review denied*, 189 Wn.2d 1025 (2017). Thus, Fitch cannot show that "'there is no conceivable legitimate tactic explaining counsel's performance.'" *Grier*, 171 Wn.2d at 33 (quoting *Reichenbach*, 153 Wn.2d at 130). A party cannot show deficient performance if we can conceive of any legitimate tactic based on the record. *Streepy*, 199 Wn. App. at 502; *State v. Linville*, 191 Wn.2d 513, 525, 423 P.3d 842 (2018).

Nevertheless, even assuming Fitch can show deficient performance he cannot show prejudice. The State's evidence of guilt was overwhelming. The State initially charged Fitch with

three counts of possession of a controlled substance, methamphetamine, heroin, and clonazepam, with intent to deliver. Possession of methamphetamine with intent to deliver and possession of heroin with intent to deliver are both class B felonies. RCW 69.50.401(2)(a), (b). While released from jail and awaiting trial, Fitch failed to appear for two pretrial hearings. Thus, it is unlikely the result of the case would have been different if Fitch stipulated that the original charges at the time he failed to appear in court were class B felonies. *McFarland*, 127 Wn.2d at 335-36.

b.      Controlled substance charges

Fitch also argues that counsel rendered ineffective assistance by failing to stipulate that he was charged with a class B felony with regard to the remaining controlled substance charges, thus, allowing the jury to hear that he was charged with other "felony charges that were later dropped." Br. of Appellant at 9. Even assuming counsel was deficient, for the reasons discussed above, Fitch cannot show prejudice. The facts that support the current controlled substance crimes were overwhelming. Thus, it is unlikely the result of the case would have been different if Fitch had stipulated that the original charges were class B felonies. *McFarland*, 127 Wn.2d at 335-36. Thus, Fitch cannot show ineffective assistance of counsel.

2.      Failure To Move To Sever

Fitch next argues that counsel rendered ineffective assistance by failing to move to sever his bail jumping charges from his controlled substance charges. We disagree.

In determining whether severance is appropriate, a court considers (1) the strength of evidence on each count, (2) the clarity of the defenses on each count, (3) the court's instructions to consider each charge separately, and (4) the admissibility of the evidence of one charge in a

separate trial of the other charge. *State v. Russell*, 125 Wn.2d 24, 63, 882 P.2d 747 (1994), *cert. denied*, 514 U.S. 1129 (1995).

Where a defendant's custody and release on bond stems directly from an underlying substantive charge, a charge of bail jumping is properly joined for trial with the underlying charge. *State v. Bryant*, 89 Wn. App. 857, 864, 950 P.2d 1004 (1998), *review denied*, 137 Wn.2d 1017 (1999). This furthers "Washington's strong policy in favor of conserving judicial and prosecution resources." *Id*. at 867.

Here, there was strong evidence to support each count charged, the defense on the drug charges was different from the defense on the bail jumping charges, the trial court instructed the jury to consider each charge separately, and the admissibility of evidence from the controlled substances charges would be admissible in a separate bail jumping trial. Therefore, any motion to sever likely would have been unsuccessful, and Fitch's ineffective assistance of counsel claim based on a failure to bring a motion to sever fails. *See State v. Gerdts*, 136 Wn. App. 720, 727, 150 P.3d 627 (2007) (when ineffective assistance of counsel claim is based on failure to bring a motion, the appellant must show that motion would likely have been successful).

3. Failure To Object to Testimony

Fitch next argues that counsel rendered ineffective assistance of counsel by not objecting to improper opinion testimony regarding guilt. Specifically, Fitch argues that there was no legitimate tactic or strategy in failing to object to Sergeant Langlois's testimony and the trial court would likely have sustained an objection to the opinion testimony. We disagree.

A party cannot show deficient performance if we can conceive of any legitimate tactic or strategy for counsel's decision not to object. *Streepy*, 199 Wn. App at 502; *Linville*, 191 Wn.2d at

525. Moreover, when a challenge is based on a failure to object, a party must show that an objection would likely have been sustained. *McFarland*, 127 Wn.2d at 337 n4.

"Opinions on guilt are improper whether made directly or by inference." *State v. Quaale*, 182 Wn.2d 191, 199, 340 P.3d 213 (2014). The rationale for this rule is that such statements invade the exclusive province of the finder of fact. *State v. Black*, 109 Wn.2d 336, 348, 745 P.2d 12 (1987).

Here, police located 14.9 grams of methamphetamine and 1.26 grams of heroin inside Fitch's home. Officer Libbey testified that when the amount of controlled substances is above "around three to four grams" then it tends to show the controlled substances are for more than personal use. 2 VRP (Mar. 29, 2018) at 190. Sergeant Langlois testified after Officer Libbey. When the State asked if the amount of methamphetamine found at Fitch's home was consistent with a typical user amount, Sergeant Langlois stated, "Far in excess of." 2 VRP (Mar. 29, 2018) at 237.

Sergeant Langlois's testimony was not an opinion on guilt or inference; rather, he testified consistently with Officer Libbey that the amount of methamphetamine located inside Fitch's home was more than typical for personal use. Moreover, experts are permitted to testify on information and subjects that are not within the understanding of the average person. ER 702. Sergeant Langlois testified to his extensive training in drug investigations. The fact that an expert opinion might cover an issue that will ultimately be decided by the jury does not require automatic exclusion. *State v. Montgomery*, 163 Wn.2d 577, 590, 183 P.3d 267 (2008).

It was clearly trial tactic to not object to admissible testimony. Moreover, Fitch's challenge fails because, based on the record, he cannot show that an objection to Sergeant Langlois's testimony would likely have been sustained.

Because Fitch fails to show either deficient performance or prejudice in any of the instances above, his ineffective assistance of counsel claim fails.

B.      SAG ISSUE

Fitch contends his possession of methamphetamine with intent to deliver and possession of heroin convictions should be reversed because the search of his home, where evidence of these offenses was found, was unlawful. Specifically, Fitch contends the search warrant had expired. We disagree.

We review a trial court's decision on a CrR 3.6 suppression motion to determine whether substantial evidence supports the court's findings of facts and whether those findings, in turn, support the court's conclusions of law. *State v. Russell*, 180 Wn.2d 860, 866, 330 P.3d 151 (2014). Our review of the record shows that the trial court's findings of fact support its conclusions of law.

Here, the trial court found that Officer Libbey presented the affidavit and search warrant to the judge for signature on February 7. The judge signed the search warrant that same day. The search warrant was executed on February 17. The trial court concluded that the search warrant was executed within the 10-day requirement.

CrR 8.1 states that "[t]ime shall be computed and enlarged in accordance with CR 6." CR 6(a) states:

> In computing any period of time, prescribed or allowed by these rules . . . by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9

Therefore, because the search warrant was signed on February 7 and the warrant was executed on February 17, the search warrant was not expired when officers executed it. Thus, the search was not unlawful, and the trial court properly denied Fitch's motion to suppress the evidence found inside his home.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Sutton, J.