# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53814-8-II |
| Respondent, | |
| v. | |
| CHARLES ANDREW STOCKER, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Charles Andrew Stocker was convicted of one count of first degree custodial sexual misconduct. He appeals his conviction, arguing that (1) the trial court judge abused his discretion by failing to recuse himself when he knew one of the witnesses from his time presiding over the drug court program, (2) he received ineffective assistance of counsel because his counsel did not object to the trial court judge presiding over the case, and (3) the conviction cannot stand because RCW 9A.04.080 dictates that the correct statute of limitations is three years and the alleged criminal conduct includes conduct that occurred outside that applicable statute of limitations.

We hold that the recusal issue was not preserved for appeal, defense counsel was not ineffective for failing to object to the trial court judge presiding over this matter, the applicable

statute of limitations is 10 years under former RCW 9A.04.080(1)(b)(i) (2017),[1] and the alleged conduct occurred within the applicable statute of limitations of 10 years. We affirm Stocker's conviction.

FACTS

Stocker worked as a corrections officer for the City of Aberdeen from 2010 to 2016. Stocker took an oath to uphold and follow the law and abide by the Aberdeen Police Department's code of ethical conduct when he was hired. In 2018, the State charged Stocker with two counts of first degree custodial sexual misconduct regarding two victims, AS and JG.[2] Stocker waived his right to a jury trial.

At a pretrial hearing, both Stocker and the State advised the trial judge, who was the drug court judge that one of the State's witnesses, JG, was in the drug court program. Stocker did not say that this was a concern; rather that the trial judge "would be the only one to know if [he] would have to recuse [himself] or not." Verbatim Report of Proceedings (VRP) (April 22, 2019) at 4. The judge said he would "base [his] decision upon the evidence and the law." VRP (April 22, 2019) at 5. Stocker's counsel said, "Very good," and moved on to additional matters. VRP (April 22, 2019) at 5. At no point did Stocker's counsel make a motion asking the judge to recuse himself from the case.

At trial, JG testified that she has a history of drug abuse. She testified that she maintained her sobriety by attending meetings and enrolling in the drug court program.

---

[1] Former RCW 9A.04.080(1)(b)(i)(2017) has been recodified as RCW 9A.04.080(1)(c)(i).

[2] We use the victims' initials to protect their identity.

She further testified that she first met Stocker on April 16, 2010, in a courtroom when he appeared as the corrections officer in another matter. Stocker told her to come by the police station because he could help her out and give her some money. That evening, she stopped by the police station as instructed, and the two met in an empty interview room. Stocker put some money on the table and told JG, "This money is not free," and began to undo his belt. VRP (May 7, 2019) at 174. JG convinced Stocker that she had a friend waiting outside for her and stated that she had to leave. JG did not take the money.

JG further testified that she met Stocker again on April 20, when she was booked into the Aberdeen city jail on drug related charges. While she was in jail, she was going through drug withdrawal and Stocker provided her Nyquil in exchange for oral sex.

JG testified that between that first incident and Stocker's arrest in 2016, she had been booked into the Aberdeen jail approximated six to ten times. She testified that almost every time Stocker was working alone, he demanded she perform oral sex on him.

The trial court dismissed the first degree custodial sexual misconduct charges involving AS. The court found Stocker guilty on the remaining first degree custodial sexual misconduct charge involving JG. The trial court judge explained his ruling as follows:

> So when you hear the testimony of addicts who are in recovery, especially [TM] I think was on medically assisted treatment, her testimony, she was pretty shaky. She is still – to me, still dealing a lot with the effects of her addiction. But her testimony, the testimony of [CB], [AM], addicts in recovery, we have this duality. An addict will basically say and do anything to get what they need, which is to get their next fix, so their credibility is basically close to zero. On the other hand, once they're in recovery it's – in listening and observing their testimony in this . . . case, the individuals who testified that were in recovery, they're – at that point [when] they become brutally honest about their addiction and what they do.

There still are questions about – because they're testifying from their memory about what they did. What did that addiction do to their memory and are there memories about what occurred and what happened and who said what? Is that still accurate? Is that still sufficiently credible[?] But as far as how they testify about things that would occur, just coming from them they – they're testifying from their memories of the events and it comes across as brutally honest at that point. So here we are.

. . . .

As far as the credibility of [JG] [goes], I think what I just said applies to her as well.

VRP (May 8, 2019) at 483-84.

The trial court sentenced Stocker to nine months in custody. Stocker appeals his conviction.

## ANALYSIS

### I. JUDICIAL RECUSAL

Stocker first argues that the trial court judge should have recused himself because he presided over drug court and JG, one of the State's witnesses, was in the drug court program. The State disagrees and argues that the trial court judge was not required to recuse himself from the case. We decline to review this issue because it was not preserved for appellate review.

Under RAP 2.5(a),

[A] party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right.

Stocker is raising the recusal issue for the first time on appeal because he did not make a motion for the trial court judge to recuse himself below. However, Stocker fails to argue that we should consider this issue under RAP 2.5. Stocker does not argue the recusal issue is an error due to the lack of trial court jurisdiction, the failure to establish facts upon which relief can be granted,

4

or that the issue is a manifest error affecting a constitutional right. RAP 2.5(a). Accordingly, whether the trial court judge should have recused himself is not an issue that has been preserved for appellate review.

Because the issue of whether the trial court judge should have recused himself has not been preserved for appellate review, we decline to review this issue.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Stocker next argues that if we determine that he has not preserved the recusal issue, then we should hold that his counsel was ineffective for failing to object to the trial court judge presiding over his case. We disagree that counsel was ineffective for not objecting to the trial court judge.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). To prevail on an ineffective assistance of counsel claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant. *Estes*, 188 Wn.2d at 457-58. Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Estes*, 188 Wn.2d at 458. Prejudice exists if there is a reasonable probability that except for counsel's errors, the result of the proceeding would have differed. *Estes*, 188 Wn.2d at 458. Reasonable probability in this context means a probability sufficient to undermine confidence in the outcome. *Estes*, 188 Wn.2d at 458. "[W]hen 'the claim is brought on direct appeal, the reviewing court will not consider matters outside the trial record.'" *State v. Linville*, 191 Wn.2d 513, 525, 423 P.3d 842 (2018) (quoting *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)).

We apply a strong presumption that defense counsel's performance was reasonable. *Estes*, 188 Wn.2d at 458. Counsel's conduct is not deficient if it was based on what "can be characterized as legitimate trial strategy or tactics." *Estes*, 188 Wn.2d at 458. To rebut the strong presumption that counsel's performance was effective, "the defendant bears the burden of establishing the absence of any 'conceivable legitimate tactic explaining counsel's performance.'" *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)) (emphasis omitted).

Stocker's counsel did not make a motion for the trial court judge to recuse himself. *See* VRP (April 22, 2019) at 1-12. Nor did Stocker's counsel make a motion for disqualification of the trial court judge under RCW 4.12.050(1).[3] At a pretrial hearing, both the State and Stocker's counsel pointed out that one of the victims would be testifying for the State, and that she was currently in the drug court program that the trial court judge happened to be presiding over. The trial court judge explicitly stated that he would "base [his] decision on the evidence and the law." VRP (April 22, 2019) at 5. Stocker's counsel said, "Very good," and moved on to additional matters. VRP (April 22, 2019) at 5. There are no facts in the record regarding JG's contact with the trial court judge, other than she was in that judge's drug court.

Stocker cannot demonstrate on this record that his trial counsel acted deficiently by accepting the trial court's statement that his decision would be based on the evidence and the law. Judges in bench trials are presumed to follow the law and to consider evidence solely for proper purposes. *State v. Adams*, 91 Wn.2d 86, 93, 586 P.2d 1168 (1978); *State v. Miles*, 77 Wn.2d 593,

---

[3] Under RCW 4.12.050(1), "[a]ny party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter, subject to [four] limitations."

601, 464 P.2d 723 (1970); *State v. Bell*, 59 Wn.2d 338, 360, 368 P.2d 177 (1962).  There is no evidence to the contrary.

Because Stocker cannot demonstrate that his counsel performed deficiently, we hold that his ineffective assistance of counsel claim fails.

### III.  STATUTE OF LIMITATIONS

Finally, Stocker argues that we should reverse his conviction because the alleged conduct includes conduct that occurred outside the applicable statute of limitations of three years.  The State disagrees and argues that the applicable statute of limitations is 10 years under former RCW 9A.04.080(1)(b)(i) because Stocker, as a corrections officer for the City of Aberdeen, took an oath of office, acted pursuant to his position when he committed this crime, and he is a public officer.  We agree with the State.

RCW 9A.04.080 sets a three-year statute of limitations for most felonies.  However, former RCW 9A.04.080(1)(b)(i), which was in effect at the time of the offense, sets a ten-year statute of limitations for "[a]ny felony committed *by a public officer* if the commission is in connection with the duties of his or her office or constitutes a breach of his or her public duty or *a violation of the oath of office*." (Emphasis added.)  "It is well settled that a sworn police officer is a 'public officer' while performing the functions of his employment." *State v. Cook*, 125 Wn. App. 709, 714, 106 P.3d 251 (2005) (citing *State v. Austin*, 65 Wn.2d 916, 923, 400 P.2d 603 (1965)).  In *Cook*, we applied a ten-year statute of limitations to a crime committed by a police officer who had taken an oath of office as part of his employment, was considered a public officer, and committed the felony while off duty.  125 Wn. App. at 714.

Here, the State charged Stocker with first degree custodial sexual misconduct, alleging the misconduct with JG occurred during Stocker's official duties as a corrections officer and alleging violations between January 1, 2011 and February 28, 2016, on April 3, 2018. The State amended these charges on April 22, 2019, and added a charge of first degree computer trespass.

Stocker, as a corrections officer for the City of Aberdeen, is a "public officer" by virtue of his employment. *Cook*, 125 Wn. App. at 714. First degree custodial sexual misconduct is a class C felony and Stocker's conduct constituting this crime took place while he was executing the duties of his office. Moreover, he took an oath of office to uphold and follow the law and abide by the Aberdeen Police Department's code of ethical conduct when he was hired. Additionally, custodial sexual misconduct "constitutes a breach of his or her public duty." Former RCW 9A.04.08(1)(b)(i).

Stocker was a public officer who committed this felony in connection with his official duties as a corrections officer, and this conduct violated his oath of office. He was a public officer at the time he committed the acts constituting the crime and he committed the crime in connection with his official duties as a corrections officer. Consequently, we hold that, under former RCW 9A.04.080(1)(b)(i), the applicable statute of limitations is 10 years. Because the applicable statute of limitations is 10 years, we hold that the alleged conduct occurred within the applicable statute of limitations. Accordingly, we affirm Stocker's conviction.

No. 53814-8-II

CONCLUSION

We hold that the recusal issue was not preserved for appeal, defense counsel was not ineffective for failing to object to the trial court judge presiding over this matter, and Stocker's alleged conduct occurred within the applicable ten-year statute of limitations. We affirm Stocker's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, C.J.

WORSWICK, J.