# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Respondent, v. ANDREW WILLIAM LANGLEY, Appellant. | No. 82142-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Andrew Langley was convicted of robbery in the second degree and received a standard range sentence of 33 months.  He claims that his youthfulness, and its attendant characteristics, should have been considered to lower his sentence below the standard range and that his defense counsel was ineffective for failing to argue for a mitigated sentence.  Langley also argues that the trial court's failure to enter written findings of fact and conclusions of law at a CrR 3.5 hearing did not allow him to argue his case on appeal.  We affirm.

## FACTS

On June 7, 2020, 23 year old Andrew Langley took about $20 of food from a Safeway grocery store in Mount Vernon, Washington.  A Safeway loss prevention employee testified that he stopped Langley, who then threatened him with a knife.  The employee called 911.  Police arrived and arrested Langley and took possession of Langley's knife.

Another officer told Officer Andrew Litke that Langley had been given his Miranda[1] rights and invoked his right to remain silent. Langley asked Officer Litke why he was being arrested. Officer Litke responded, "Theft of food." Langley then asked where the food was. At the CrR 3.5 hearing, the judge stated that the fact that Langley asked these two questions of Officer Litke was not contested by either party.

Langley was charged with robbery in the first degree with a deadly weapon enhancement. A jury convicted Langley of only the lesser included charge of robbery in the second degree. Langley has prior felony convictions, giving him an offender score of 6. With this score factored in, Langley was sentenced to 33 months in prison, within the standard range of the crime. Langley requested a shorter sentence of 12 months and 1 day. At the sentencing hearing, counsel stated that Langley was homeless and hungry when he stole the food. The judge reviewed Langley's background, and stated that there were no mitigating factors to allow him to go lower than the lowest part of the range, 33 months. Langley appeals.

DISCUSSION

I. Mitigating Factors

Langley argues that the trial court abused its discretion when it failed to properly consider his age and upbringing as mitigating factors in sentencing.

---

[1] Miranda v. Arizona, 384 U.S. 436, 476, 86 S. Ct. 1602, 1629, 16 L. Ed. 2d 694 (1966).

Langley argues that the trial court should have considered his youthfulness, homelessness, food insecurity,[2] and lack of parental support when sentencing.[3]

The Sentencing Reform Act of 1981 (SRA) provides structure to sentencing, and allows the court to impose a sentence outside a sentencing range for substantial and compelling reasons. RCW 9.94A.535; State v. McFarland, 189 Wn.2d 47, 52, 399 P.3d 1106 (2017). The SRA provides a list of mitigating factors the court may take into account when sentencing. State v. Fowler, 145 Wn.2d 400, 404, 38 P.3d 335 (2002) (citing former RCW 9.94A.390 (2001), recodified as RCW 9.94A.535). "Although this list is not exclusive, any such reasons must relate to the crime and make it more, or less, egregious." Id. Resentencing may be appropriate when the record suggests that the court would have imposed a different sentence if it had known of the discretion allowed by the statute. See McFarland, 189 Wn.2d at 56. We review whether the sentence is clearly excessive or clearly lenient under the abuse of discretion standard. Fowler, 145 Wn.2d at 406.

Langley presented the sentencing court with a memorandum, arguing that the sentencing court should use RCW 9.94A.535 to impose a lighter sentence. During sentencing, the judge acknowledged that mitigating circumstances could factor into a sentence below the standard range. However, the judge stated, "I

---

[2] The trial court did not allow Langley to testify to either his homelessness or his food insecurity, stating that it was irrelevant. As a result, neither of these facts are in the record.

[3] When asked why he did not ask for help, Langley explained that his parents died when he was four, he lived in orphanages, and he lived with over 50 foster care families growing up. He said that no one had helped him before, so he did not ask for help when he saw the loss prevention officer following him.

think there's just not the mitigating factors that are highlighted by the statute for me to go outside the range." Langley does not argue that a statutory factor applies. Instead, he argues that a nonstatutory factor of age should have been considered.

Langley argues State v. O'Dell, 183 Wn.2d 680, 358 P.3d 359 (2015), demonstrates that Langley's youthfulness and its attendant characteristics, such as upbringing, should have been used as mitigating factors in evaluating his request for an exceptional sentence. O'Dell states that "age may well mitigate a defendant's culpability, even if that defendant is over the age of 18." Id. at 695. But, more recently, the Supreme Court of Washington held that youthfulness and its characteristics can be considered as mitigating factors in sentencing 18, 19, and 20 year olds, meaning all those younger than 21. In re Pers. Restraint of Monschke, 197 Wn.2d 305, 327, 329, 482 P.3d 276 (2021). No Washington case has held that a defendant age 21 or older has a right to such consideration. Langley was 23 years old. O'Dell, Monschke and their progeny do not support youthfulness and its characteristics as mitigating factors for Langley. The trial court did not abuse its discretion by imposing a standard range sentence.

II.    Ineffective Assistance of Counsel

Langley alleges that the defense counsel was ineffective for failing to cite relevant state and federal authority in support of the mitigating factors and requesting a sentence below the standard range. A defendant has a constitutional right to effective counsel under the Sixth Amendment to the United States Constitution, and article I, section 22 of the Washington Constitution. State v. Grier, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). A claim of ineffective assistance

of counsel is a question of both law and fact, and is reviewed de novo. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

To establish an ineffective assistance of counsel claim, a defendant must show that counsel was deficient, and that the deficiency caused prejudice. Strickland v. Washington, 466 U.S. 668, 687-688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Linville, 191 Wn.2d 513, 524, 423 P.3d 842 (2018).

The appellant argues that counsel was deficient because counsel should have cited O'Dell to show that youth can mitigate culpability. As noted above, while the line of cases following O'Dell extends the considerations of youthfulness to those 18 and older, it does not extend it to a 23 year old adult, like Langley. See Monschke, 197 Wn.2d at 329. Counsel's failure to cite to O'Dell was not deficient and does not support a claim of ineffective assistance of counsel.

III.   CrR 3.5

Finally, Langley argues that the trial court failed to enter written findings of fact and conclusions of law following the CrR 3.5 hearing, and that this writing was necessary for Langley to exercise his right on appeal. He does not contest the admissibility of the evidence.

CrR 3.5(c) creates a duty for the court to make a posthearing record of the disputed and undisputed facts, conclusions to the disputed facts, and a conclusion of admissibility. Failure to create a written record is error, but the error is harmless if the court's oral findings are sufficient to allow appellate review. State v. Miller, 92 Wn. App. 693, 703, 964 P.2d 1196 (1998).

At issue in the CrR 3.5 hearing was the admissibility of two questions Langley asked Officer Litke.  The judge noted orally that the facts brought up at the hearing were uncontested, that the Officer's testimony from the hearing became the record, and that the two questions asked by Langley were admissible. These detailed oral findings are sufficient for appellate review.  The trial court's error in failing to create a written findings of fact and conclusions of law after the CrR 3.5 hearing was harmless.

We affirm.

_Appelwick, J._

WE CONCUR:

_Coburn, J._          _Dwyer, J._